UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-19-232 (1) |
| § | |
| RICHARD GARZA, § | |
| Defendant § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Quincy L. Ollison, Assistant United States Attorney, and the defendant, Richard Garza ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Three (3) of the Indictment. Count Three charges Defendant with Theft Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Section 666 (a)(1)(A). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 666 (a)(1)(A), is imprisonment of not more than ten (10) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of

any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(2). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords

the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

8. The United States agrees to each of the following:

    (a) If the Defendant pleads guilty to Count Three (3) of the Indictment, the United States will move to dismiss all other remaining Counts of the Indictment at the time sentencing.

    (b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines. Additionally, if the Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

    (c) The parties agree that $20,238.26 of school funds were returned to the Houston Gateway Charter School, and, therefore he should receive credit against the amount of loss in this case.

**Agreement Binding - Southern District of Texas Only**

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

10. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant, nonetheless, acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone,

withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Three (3) of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On March 26, 2014, Richard Garza, Superintendent of Houston Gateway Academy ("HGA"), a public Charter School located in Houston, TX, entered into a contract with Hot Rod

Systems, a company owned by Ahmad Bokaiyan, an employee of GHA who provided IT services to the school. The amount of the contract was $280,841.85, for which Bokaiyan was to purchase, install and configure IT Computer Network Equipment at a new $26.5 million HGA campus called Riverstone that was approved by the HGA Board of Directors. Construction of the new campus had not begun in March 2014. Beginning in late March 2014, Garza caused three (3) checks to be issued to Hot Rod Systems in the total amount of $252,757.67 from HGA's operating account at IBC Bank in Houston, TX. On March 27, 2014, Garza caused GHA to issue a check signed by him for $87,477.70 to Hot Rod Systems. On April 2, 2014, he caused GHA to issue a check signed by him for $98,829.90, and on April 22, 2014, he caused GHA to issue a check signed by him for $66,450.07. Bokaiyan deposited each check into the Hot Rod Systems account also located at IBC Bank.

Beginning on April 3, 2014, Garza directed Bokaiyan to wire transfer funds from the three checks deposited in the Hot Rod Systems account. Garza directed Bokaiyan to wire the money to his personal bank account Financial Management and Consulting Services ("FMCS") located at Wells Fargo Bank in Houston, TX. On April 3, 2014, Bokaiyan wired $87,477.70 to the Wells Fargo account as Garza directed. On April 8, 2014, Bokaiyan wired $54,985.99 into Garza's Wells Fargo account, and on May 15, 2014, Bokaiyan wired $21,917.49 into the same Wells Fargo account. Garza directed Bokaiyan to wire a total of $164,381.00 into his Wells Fargo account. At that time, Boykaiyan was aware that those funds were not going to be used to a hire a third party contractor to perform IT services.

On April 9, 2014, Garza transferred $85,000.00 and $25,000.00 of the HGA funds received from Bokaiyan into another one of his Wells Fargo accounts. On April 14, 2014, Garza

transferred another $25,000.00 of the HGA funds received from Bokaiyan into his other Wells Fargo account. On April 14, 2014, Garza issued a check for $50,318.70 from that account, to purchase a Nissan Armada SUV from Central Houston Nissan. Additionally, on April 9, 2014, Garza caused a wire transfer of paid $81,514.38 from HGA funds he received from Bokaiyan to Stewart Title Co. to purchase a condominium at 2002 Gentryside Drive #113, Houston, Texas. Garza caused title to the condominium to be placed in two different entity names and ultimately to be held by a third party. The third party did not pay any consideration for the Gentryside condominium that Garza purchased with criminal proceeds and placed it in the name of the third party.

Beginning in August 2014, the Texas Education Agency ("TEA") began a review of HGA's IT services contracts. As a result of that review, TEA objected to HGA paying out over 90% of the contract value before any work was completed at the new Riverstone campus. In July 2015, in response to TEA's demand that money be returned to GHA, Bokaiyan provided a cashier's check for $20,238.62 to HGA.

From November 2014 through April 2015, Bokaiyan purchased IT equipment at Garza's direction, and only after TEA questioned the IT services contract. Bokaiyan purchased $75,823.30 in IT equipment which is currently located at GHA awaiting completion of the new campus.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly

withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents

necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

Further, Defendant agrees to make a pre-sentence payment of $50,000 into the Registry of the Court at re-arraignment, to be applied towards the restitution at the time the Court imposes a restitution Order. Payment will be made by cashier's check or money order to "Clerk, U.S. District Court" and brought to 515 Rusk or mailed to P.O. Box 61010, Houston, Texas 77208. The check or money order should reflect the case number and Defendant's last name, and should be submitted with an Order from the Court authorizing the Clerk to accept the deposit. The Defendant understands that the United States does not waive any rights or remedies as a means to collect restitution once a restitution order is imposed, and nothing in this Agreement precludes the United States from pursuing statutorily permitted enforcement action. However, by making the

$50,000.00 cash deposit with the court, it is the intention of the defendant to pay all restitution due and owing as ordered by the court on or before sentencing.

## Forfeiture

20. Defendant further stipulates and agrees, if he has not paid all restitution due and owing as ordered by the court on or before sentencing, then the defendant agrees that Items 1 and 2 listed in the Indictment's Notice of Forfeiture are subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

(1) 2014 Nissan Armada SUV with VIN No. 5N1BA0ND7EN602286.

(2) The real property at 2002 Gentryside Drive #113, Houston, Texas 77077, together with all improvements, buildings, structures, and appurtenances, and further described as:

UNIT 113, BLDG 3, .04716 INT COMMON LAND & ELE, REFLECTIONS ON GENTRYSIDE COND, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 4756B12 OF THE MAP RECORDS, HARRIS COUNTY, TEXAS.

## Fines

21. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

22. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ~~Houston~~, Texas, on September 20, 2019.

_____
Defendant

Subscribed and sworn to before me on September 20, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: M. Flores
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____          _____
    Quincy L. Ollison                        Matthew Leeper
    Assistant United States Attorney         Attorney for Defendant
    Southern District of Texas
    Telephone: 713-567-9000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § §  § |
| v. | §   CRIMINAL NO. H-19-232 (1) |
| RICHARD GARZA, | § § |
| Defendant | § |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Matthew Leeper
Attorney for Defendant

9-20-19
Date

14

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  Date _9/20/19_
Richard Garza
Defendant